President, Managers and Company of the Perkiomen and Reading Turnpike Road *v.* Berks County.

$$\begin{array}{cc} \overline{196} & 21 \\ 20 \text{ SC} & {}^{1}181 \\ \hline 196 & 21 \\ \text{e}206 & 93 \end{array}$$

*Turnpike companies—Condemnation of road—Evidence.*

In proceedings to condemn 2,200 feet of a turnpike road thirty-three miles long, it is proper to reject evidence as to the value of the capital stock of the company, what it was appraised at by the officers of the company who made returns thereof to the state, and the market value of the company's entire property.

In a proceeding to condemn a portion of a turnpike road, where the evidence shows that an electric railway company which had laid its railway on the turnpike road had a right to do so, evidence as to an agreement between the two companies as to the amount or terms of compensation for the occupation of the turnpike by the railway, is immaterial.

In a proceeding to condemn a portion of a turnpike road it is not error to refuse to admit in evidence an act of assembly forbidding the company to erect a toll gate on the portion of the line sought to be condemned, where there is no evidence that the toll gate upon such portion of the road had been erected subsequent to the passage of the act.

*Appeals—Assignments of error—Evidence.*

Assignments of error to the admission or rejection of evidence will not be considered by the Supreme Court which do not set forth the portion of the bill of exceptions in immediate connection with the rulings of which complaint is made.

Argued Feb. 26, 1900. Appeal, No. 38, Jan. T., 1900, by defendant, from judgment of C. P. Berks Co., June T., 1898, No. 97, on verdict for plaintiff in case of President, Managers and Company of the Perkiomen & Reading Turnpike Road v. Berks County. Before GREEN, C. J., McCOLLUM, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Appeal from jury of view in proceedings to condemn a portion of a turnpike road.

At the trial Mr. Rothermel, counsel for defendant, proposed to prove by a witness, who was the secretary of the plaintiff company, what returns he made to the state, as well as to show what the capital stock is worth, and what it was appraised at by the officers of the company who made returns to the state; also what the market value of the shares of stock is according to such returns; this for the purpose of giving the jury the full benefit of all the information that can be had, so that they can

arrive at a correct conclusion in fixing the damages between the plaintiff company and the county of Berks.

Mr. Hiester: Plaintiffs object to the offer as irrelevant, in view of the fact that only a small portion of the property of the plaintiff is taken.

Mr. Rothermel: We will add to our offer the fact that the plaintiffs, in opening their case, stated that the turnpike commenced at Collegeville, in the county of Montgomery, and ended at the limits of the city of Reading in Berks county. It is now proposed to go into the entire value of this franchise so as to enable the jury to arrive at a correct conclusion. The evidence is practically the same which has just now been offered.

The Court: The proposed evidence could not throw any light upon the value of the 2,200 feet of road which have been condemned. The objection is sustained. Exception for defendant. [1]

It is proposed to prove by the witness on the stand that there is an agreement between the East Reading Electric Railway Company and the Reading & Perkiomen Turnpike Company that whenever the said railway company wish to construct a second track on this portion of the turnpike, that the turnpike company is to receive the sum of $1,500 additional to what they have already received by way of compensation from the said railway company. This for the purpose of showing the rights which exist between the said railway company and the said turnpike, and for the further purpose of showing exactly what rights the county of Berks has in case the turnpike is made free from toll and tollgates, for which the county of Berks is asked to pay damages.

Mr. Hiester: Plaintiff objects that the proceeding in the court of common pleas between the East Reading Electric Railway Company and the plaintiff, which have been given in evidence by the defendant, shows the rights which have been acquired by the East Reading Railway Company on the property of the plaintiff, and any arrangement between the plaintiff and the railway company made with regard to the time of the payment of damages assessed in that case is irrelevant and immaterial in this issue.

The Court: The proposed evidence is clearly irrelevant and immaterial. Objection sustained. Exception for defendant. [2]

Mr. Rothermel: Defendant offers in evidence act of assembly, approved April 12, 1851, P. L. 498, which provides in section 8, that it shall not be lawful for the turnpike company to erect a gate within one mile of the city of Reading, etc.

The Court: What is the purpose of the offer?

Mr. Rothermel : The purpose of the offer is to show that according to the provisions of said act of assembly, the turnpike company has no right to keep a gate at the point at which it is located for the purpose of collecting tolls.

Mr. Hiester: Plaintiffs object to the offer; first, because there is no evidence that when this tollgate was erected it was erected within one mile of the city of Reading, as the boundaries of the city of Reading then existed at the time of the erection of the tollgate ; second, because the charter of the plaintiff and the rights granted thereby cannot be altered by the act of assembly of April 12, 1851 ; third, because the act of the plaintiff in maintaining a tollgate at this point, if unlawful, can only be inquired into by the commonwealth in quo warranto proceedings or other appropriate proceedings; fourth, the offer is generally irrelevant in this proceeding.

The .Court: The objections are sustained.    Exception for defendant.  [3]

Verdict and judgment for plaintiff for $8,416.66.    Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions ;  (4, 5) rulings on evidence, but not quoting the portion of the bill of exceptions in immediate connection with the rulings of which complaint was made.

*John H. Rothermel,* with him *Howard L. Greenawalt,* for appellant, cited Montgomery County v. Schuylkill Bridge Co. 110 Pa. 54, Allentown & Coopersburg Turnpike Co. v. Lehigh Valley Traction Co., 174 Pa. 283, and West Chester & Wilmington Plank Road Co. v. Chester County, 182 Pa. 40.

*Isaac Hiester,* with him *David F. Mauger,* for appellee, cited Montgomery County v. Schuylkill Bridge Co., 110 Pa. 54.

OPINION BY MR. JUSTICE MESTREZAT, May 7, 1900 :

The assignments of error relate to the rulings of the court below on offers of testimony.    The learned judge who presided

at the trial was so clearly right that little, if anything, need be said in vindication of his rulings.

The offer of testimony embraced in the first assignment was to prove the value of the capital stock of the turnpike company, what it was appraised at by the officers of the company who made returns thereof to the state and the market value of the company's entire property. The turnpike constructed and in use by the company at the time this part of it was taken by the defendant, was about twenty-three miles in length. The part of the turnpike proposed to be taken under the proceedings instituted by the county of Berks is about 2,200 feet in length, and extends from the boundary line of the city of Reading to the Friedensburg road. The character and productiveness of the other parts of the road, not having been shown, we are unable to see what assistance the testimony here offered would have given the jury in ascertaining the value of the very small proportion of the entire road proposed to be condemned. Its admission could not have aided the jury in determining the value of the property taken, but might, and doubtless, would have misled them in the consideration of the case. The offer, therefore, embraced in this assignment was properly excluded.

The testimony offered and included in the second assignment was properly rejected. The condemnation proceedings of the East Reading Electric Railway Company against the Perkiomen and Reading Turnpike Road were in evidence and considered by the jury. They showed clearly that the electric railway company had the right to construct " a track or tracks" on the turnpike, and hence the jury could not have been misled in this respect. They also showed the rights acquired by the electric railway company on the turnpike and thus the jury was enabled to determine any depreciation in the value of the plaintiff's road by reason of the construction of the electric railway upon it. Any arrangement or agreement between the two companies as to the amount or terms of compensation for the occupation of the turnpike by the railway company is of no consequence to the defendant here, and irrelevant and immaterial in this issue. Under the instructions of the court the jury considered the incumbrance of the railway on the turnpike, and gave the defendant the benefit of it in ascertaining the damages due the plaintiff.

The alleged error in refusing to admit in evidence the act of assembly of April 12, 1851, embraced in the third assignment, is without any merit. The statute was not retroactive and in the absence of any evidence showing that the tollgate was erected subsequent to its passage, the offer was properly rejected.

The fourth and fifth assignments are in direct violation of the rules of this court, and will not be considered.

The assignments of error are overruled and the judgment is affirmed.